JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -5 1975

PATRICIA D. HOWARD
DOCKET NO. THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE RYDER TRUCK LINES, INC. )
EMPLOYMENT PRACTICES LITIGATION )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

This litigation consists of four actions in three districts: two in the Middle District of Tennessee, one in the Western District of Tennessee and one in the Northern District of Georgia. Ryder Truck Lines, Inc. (Ryder) is a defendant in all four actions. The International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers and the appropriate Teamsters' local union are defendants in each action except the Cook action in Middle Tennessee. The Southern Regional Conference of Teamsters is a defendant in the Georgia and Western Tennessee actions.

Plaintiffs in each action allege that prior to 1972, Ryder hired whites only for the position of line driver while blacks were relegated to the lower paying position of city driver. Although Ryder terminated this policy in 1972, plaintiffs allege that blacks seeking transfers from city driver

---

\* Judge Murrah did not participate in the consideration or decision of this matter.

to line driver positions were required to relinquish all seniority accrued in their city driver positions. In addition, plaintiffs allege discrimination generally in Ryder's hiring and promotion policies. Plaintiffs allege that these acts on the part of Ryder, as well as the unions, constitute violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

Each of the actions in the litigation, with the exception of Cook, was brought as a class action on behalf of substantially similar classes. The Georgia court has ruled that the action in that district is properly maintainable as a class action under Rule 23(b)(2), Fed. R. Civ. P., on behalf of all past and present black employees of Ryder within the area of the Southern Conference of Teamsters, all black persons who unsuccessfully applied for employment with Ryder since July 2, 1965, and all black persons who will apply for work or be employed by Ryder in that area in the future. No class determinations have yet been made in the two other purported class actions.

This matter is before the Panel on Ryder's motion to transfer all actions to the Northern District of Georgia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Only the plaintiff in Cook opposes transfer.

We find that these actions raise common questions of fact and that their transfer to the Northern District of Georgia under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1/]

---

[1/] The parties waived their right to oral argument and, pursuant to R.P.J.P.M.L. 14, 65 F.R.D. 253, 264 (1975), the question of transfer of these actions under Section 1407 was submitted for decision on the briefs.

Plaintiff Cook concedes that his action and the other three share common factual questions on the issue of Ryder's racial policies at its Nashville terminal, but nonetheless maintains that this is insufficient commonality to justify transfer. He points out that his action, unlike the others, is not brought as a class action. And he asserts that he is an indigent with appointed counsel and cannot afford to support the expense of his attorney traveling back and forth to Atlanta for pretrial proceedings.

This litigation is similar to two previous employment practices litigations considered by the Panel. See In re Roadway Express Employment Practices Litigation, 384 F. Supp. 612 (J.P.M.L. 1974) (transfer ordered) and In re Trucking Industry Employment Practices Litigation, 384 F. Supp. 614 (J.P.M.L. 1974) (transfer denied).

In Roadway Express, supra, the Panel transferred four class actions pending in two districts within Texas against the same major defendants, each action involving alleged violations of Title VII of the Civil Rights Act of 1964. Plaintiffs in those actions claimed that the defendants had favored white employees for the higher paying position of long haul driver while assigning non-whites the lower paying position of city driver.

In Trucking Industry, supra, the Panel refused to transfer three actions wherein plaintiffs alleged discrimination like that alleged in Roadway Express, although it recognized the existence of limited common questions of fact. The denial

of transfer was based on several factors: the existence of only a handful of common defendants among the three actions, while the total number of defendants in the actions collectively was close to 400; the fact that the two private actions, unlike the Government action, involved primarily specific local acts of alleged discrimination; and the Panel's conclusion that transfer of the private actions might have a deleterious effect on consent procedures underway in the Government action. The Panel distinguished its holding in Roadway Express, explaining that the crucial factor favoring transfer there was the similarity of the class allegations in the complaints and the Panel's desire to ensure that the possibility of inconsistent class determinations was eliminated. 384 F. Supp. at 616.

In our view, the instant litigation more closely resembles Roadway Express than it does Trucking Industry. All actions presently before us involve common factual issues concerning Ryder's racial policies in a particular part of the United States. And three of the four actions present the possibility of conflicting class determinations, while the plaintiff in the fourth, Cook, is a potential class member in the other three. Also, all actions share the question of the effect of a consent decree that was entered in the Government action in Trucking Industry, to which Ryder is a signatory. Thus, Section 1407 treatment for all actions in this litigation is necessary in order to prevent both duplication of discovery and inconsistent pretrial rulings.

Plaintiff Cook's concern about the possibility of Section 1407 proceedings causing additional expense because of counsel's travel to the transferee district is unwarranted. Since plaintiff Cook appears to share substantially similar interests with the plaintiffs in the other three actions, the judicious use of liaison counsel, lead counsel and steering committees could eliminate any need for plaintiff's counsel to travel to the transferee district. See Manual for Complex Litigation, Part I, Sections 1.90-1.93 (rev. ed. 1973).

The Northern District of Georgia is clearly the most appropriate transferee forum for this litigation. The judge to whom the action in that district is assigned has already ruled on a request for class certification and thus has had an opportunity to become familiar with the facts and issues involved in this litigation, which will enable him to supervise it toward its most just and expeditious termination.

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Northern District of Georgia be, and the same hereby are, transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Charles A. Moye, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending in that district and listed on Schedule A.

| SCHEDULE A | DOCKET NO. 220 |
|---|---|
| **NORTHERN DISTRICT OF GEORGIA** | |
| George E. Scott, et al. v. Ryder Truck Lines, Inc., et al. | Civil Action No. 17,661 |
| **MIDDLE DISTRICT OF TENNESSEE** | |
| Naran Buchanan, et al. v. Ryder Truck Lines, Inc., et al. | Civil Action No. 7320 |
| Jacob T. Cook, Jr. v. Ryder Truck Lines, Inc. | Civil Action No. 74-421-NA-CV |
| **WESTERN DISTRICT OF TENNESSEE** | |
| Frank Netter, Jr., etc. v. Ryder Truck Lines, Inc., et al. | Civil Action No. 74-554 |